# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-025-RLV-DCK

| | |
|---|---|
| **DAVID KRISTOPHER OWLE,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) **CONSENT PROTECTIVE** |
| v. | ) **ORDER**<br>) |
| **GEORGE T. SOLOMON, et al.** | )<br>) |
| **Defendants.** | ) |

Plaintiff David Owle (hereinafter "Plaintiff") and Defendants Frank Perry, George Solomon, Paula Smith, M.D., Susan White, Joshua Quinn, Amy Jenkins, Eric Dye, William Farrish, Raymond Hamilton and Stephanie Miller, (collectively "Defendants") contemplate that certain documents, material, and information such as Plaintiff's inmate records may be disclosed in the course of this litigation are confidential in nature or may lead to the disclosure of confidential information. In an effort to resolve these concerns, the parties recognize that the entry of a protective order is appropriate to ensure that the documents, materials, and information are not disclosed or used for any purpose except in connection with this litigation. Accordingly, pursuant to Local Civil Rule 7.1 and Rule 26(c) of the Federal Rules of Civil Procedure and upon the agreement of counsel, it is hereby ORDERED that:

1. **Scope of the Order.** This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and designated as "Confidential Information" by any party or witness during discovery and all other pre-trial, trial and post-trial proceedings in this action including, but not limited to, mediation, other alternative dispute resolution processes, and any other settlement proceedings.

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure"**. When used in this Order, the term "Disclosure" shall mean to communicate, provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. **"Confidential Information"**. When used in this Order, the term "Confidential Information" means:

a. Plaintiff's inmate records, medical records, grievance records, psychological records, and intra-agency correspondence regarding Plaintiff.

b. Other documents, materials, or information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Protective Order under Rule 26(c)(1) of the Rules of Civil Procedure.

c. Other documents, materials, or information that Plaintiff and Defendant agree shall be designated Confidential Information. If disputes arise regarding the designation of Confidential Information, the parties will bring the matter to the Court's attention for resolution.

5. **Designation of Confidential Material**. Designation of material as Confidential Information shall be made as follows:

a. In the case of documents furnished by the Designating Party, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s),

certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

b.   In the case of written discovery responses, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

c.   In the case of deposition transcripts, or portions thereof, by identifying Confidential Information subject to this Order either (i) by stating on the record that portion of the testimony and any exhibits to the testimony are Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within twenty-one days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "CONFIDENTIAL."

d.   Should any party wish to file a document that contains Confidential Information, such party shall take such steps as may be necessary to protect the confidentiality of the Confidential Information, including but not limited to seeking permission with the Court to file the materials under seal. A party that seeks to file under seal any Confidential Information must comply with Local Rule 6.1.

e.   Subject to the rules of evidence and orders of the Court, Confidential Information may be offered in evidence at trial or any court hearing.

6. **Disclosure of Confidential Information**. The Confidential Information may be revealed only to the attorneys of record, members of the attorneys' staffs, Plaintiff, Defendants, lay witnesses, and those persons identified, retained, and deposed as expert witnesses solely for use in this litigation, including pre-trial, trial, and post-trial proceedings. The attorneys of record, members of the attorneys' staffs, and those persons identified, retained, and deposed as expert witnesses, if any, are prohibited from disclosing any Confidential Information to any other person, except that the Confidential Information may be disclosed to the Court and to the reporter transcribing a deposition or other proceeding involving the Confidential Information. Counsel shall not provide documents, images, or notes created or prepared pursuant to this Order, or copies thereof, to Plaintiff, and Plaintiff shall not be permitted to retain said documents or images or notes or copies thereof.

7. **Copies**. No copies of any Confidential Information should be made except as is necessary to the preparation and hearing of this civil action.

8. **Inadvertent Disclosure of Confidential Information:** If either party later discovers the inadvertent disclosure of confidential information that is privileged, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, the privileged material may be retrieved by the producing party by giving notice in writing to all parties who received copies of the produced materials of the claim of privilege when the producing party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that have received a copy of the produced material shall return any privileged material to the producing party and destroy any copies of privilege documents. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of Confidential Information as privileged,

nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted.

9. The terms of this Protective Order are subject to modification, extension or limitation as may be agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

10. **Return of Confidential Information**. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within thirty (30) days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the thirty (30) day deadline a signed certification that the Confidential Information has been destroyed. The party destroying the Confidential Information will bear his or her own costs.

11. **Purpose of Order**. This Order is entered solely for the purpose of facilitating the exchange of information between the parties without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) a waiver of confidentiality or any other waiver, including waiver to admission or of objection under the rules of evidence, by any party, or (ii) altering any existing obligation or objection of any party.

12. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

13. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of litigation.

**SO ORDERED**.

Signed: August 23, 2016

David C. Keesler
United States Magistrate Judge